**In re Anonymous No. 61 D.B. 92**

Disciplinary Board Docket no. 61 D.B. 92.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SCHILLER, *Member,* September 20, 1993—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

A petition for discipline was filed on June 23, 1992, which charged respondent with conversion of client funds and conduct involving dishonesty, fraud, and deceit. Respondent filed an answer to the petition on August 10, 1992.

On August 25, 1992, the matter was referred to Hearing Committee [    ], chaired by [    ], Esquire, and included members [    ], Esquire and [    ], Esquire.

After the hearing, which was conducted on November 30, 1992, the report of the Hearing Committee [    ] was filed on March 22, 1993. The committee recommended that respondent should receive a two-year sus-

pension; the entire suspension be stayed; and respondent be placed on probation for three years subject to three conditions of probation. These conditions required him to abandon his private practice but permitted him to retain his position as trial counsel with the [A]; and, required that he continue to receive psychological treatment during the period of probation.

This matter was adjudicated at the June 16, 1993, meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

The Disciplinary Board of the Supreme Court of Pennsylvania adopts and incorporates by reference herein the following findings of fact which are supported by both documentary and testimonial evidence:

(1) Petitioner, whose principal office is located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania 15219, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [    ], was admitted to practice law in Pennsylvania on or about April 24, 1972. His office address was located at [    ]. At the time of the action, he held a small private practice and a position as a trial attorney with [A].

(3) Complainant, [B] retained respondent on August 25, 1987 to handle a claim for personal injury arising out of an accident which occurred on October 14, 1985.

(4) On March 11, 1991, a settlement was reached, and the case was terminated.

(5) On March 12, 1991, respondent received a check for the sum of $12,500 from the insurance company as proceeds from the settlement.

(6) The check was co-payable to complainant and respondent. Upon receipt, respondent endorsed it with complainant's name and deposited it into his bank account without the knowledge, permission, agreement, or authority of the complainant.

(7) Complainant inquired about the check in April 1991, and respondent falsely told her that he had not yet received it. During August 1991, she made four more telephone calls to respondent's office requesting the check. On August 27, 1991, respondent advised her that she would receive the money "shortly."

(8) On December 11, 1991, respondent was advised that a complaint was filed against him and that Office of Disciplinary Counsel was conducting an investigation.

(9) On December 20, 1991, respondent paid complainant the amount of $8,335, the sum due her from the settlement.

(10) From the date of receipt of the check on March 12, 1991 until December 20, 1991, respondent did not keep complainant's settlement funds intact, but converted them for his own use and purposes, only making restitution upon discovery of the disciplinary action taken against him.

## III. CONCLUSIONS OF LAW

(1) Respondent failed to timely distribute funds to complainant in violation of Rule of Professional Conduct 1.15(b), which commands a lawyer to promptly

notify a client upon receipt of funds or property in which that person has an interest, and deliver and account for such property promptly.

(2) Respondent wrongfully converted complainant's funds in violation of Rule of Professional Conduct 8.4(c) which precludes a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

## IV. DISCUSSION

Since the respondent has admitted to the violation of Rules of Professional Conduct 1.15(b) and 8.4(c) which require an attorney to promptly notify his client and distribute funds to the client while also prohibiting an attorney from engaging in dishonesty, fraud, deceit, and misrepresentation, the only issue remaining is that of appropriate discipline. On March 3, 1993, the Hearing Committee [ ] recommended that respondent be suspended for a period of two years, but that this suspension should be stayed and respondent be placed on probation for three years with conditions, among which was that he could remain as counsel for his corporate employer, but divest himself of his private law practice. It is commendable that the committee took the time and demonstrated the concern for respondent in fashioning its recommendation. However, this recommendation is not acceptable. Disciplinary Board Rule §89.291(a) allows probation for a respondent attorney under certain circumstances. Neither this rule, nor any case authority allows for the creation of a "dual-license" to practice law. Consequently, the discipline to be recommended cannot contemplate practicing law for a government entity and prohibiting the practice of law by respondent outside his government employment.

Unquestionably, the conversion of a client's funds is a serious breach of trust requiring public discipline.

*In re Anonymous No. 111 D.B. 89,* 9 D.&C.4th 526 (1990). In this matter respondent converted his client's funds, forged her signature and deliberately misrepresented to her the status of the case and the fact that he had received a check. Taken in totality, this behavior calls for respondent's suspension from the practice of law. *Office of Disciplinary Counsel v. Kanuck,* 517 Pa. 160, 535 A.2d 69 (1987). Whether or not the respondent intended to return the converted funds or to permanently deprive complainant of those funds is not the issue in this matter. *In re Anonymous No. 132 D.B. 88,* 7 D.&C.4th 331 (1990). This is especially true in light of the fact that the money was not given to the complainant until after respondent was contacted by the Office of Disciplinary Counsel.

In rejecting the recommendation of the Hearing Committee, the Disciplinary Board has taken cognizance of the fact that this was an isolated experience in respondent's career and is a blot on his unblemished record. The board has taken into consideration as well, the character testimony, sincere remorse and cooperation of the respondent. Finally, the psychiatric testimony presented did not rise to the level required in mitigation pursuant to *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d 894 (1989). Therefore, in light of the foregoing, and because the record is devoid of any previous discipline, the Disciplinary Board recommends a one year suspension for respondent.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ] receive a one-year suspension. In addition, the board recommends that the court direct that respondent

should pay all necessary expenses incurred in the investigation and processing of this matter.

Ms. Flaherty did not participate in the adjudication.

Mr. Kerns did not participate in the adjudication.

Messrs. Leonard and Saltz recused themselves.

## ORDER

And now, December 15, 1993, upon consideration of the report and recommendations of the Disciplinary Board dated September 20, 1993, it is hereby ordered that [respondent] be placed on probation for a period of two years. Respondent shall select a practice monitor subject to the approval of the Office of Disciplinary Counsel. The practice monitor shall do the following during the period of respondent's probation:

(1) Meet with respondent on a monthly basis to review respondent's caseload;

(2) File quarterly written reports on a board-approved form with the secretary of the board; and

(3) Immediately report to the secretary of the board any violation by the respondent of the terms and conditions of probation.

It is further ordered that respondent shall pay the expenses of investigating and prosecuting this matter pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Papadakos files a dissent.

## DISSENT

PAPADAKOS, *J.*, December 15, 1993—The record submitted to us shows that respondent is guilty of dishonesty, fraud, deceit, forgery, misrepresentation and misappropriation of client funds. I, therefore, dissent to the disposition by the majority and would issue a rule to show cause why the respondent should not be disbarred.